IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION No.: 5:11CV107-RLV

| | |
|---|---|
| SAACKE NORTH AMERICA, LLC, <br>       Plaintiff, <br><br> vs. <br><br> LANDSTAR CARRIER SERVICES, INC., <br>       Defendant. | **O R D E R** |

**THIS MATTER** is before the Court upon Defendant Landstar Carrier Services, Inc.'s ("Landstar") "Motion To Alter Or Amend," filed January 15, 2013. (Doc. 19). Plaintiff Saacke North America, LLC ("Saacke"), opposes Landstar's motion. (Doc. 22).

Landstar seeks relief from the Court's December 18, 2012 Memorandum and Order resolving the parties' competing motions for partial summary judgment in favor of Saacke. (Doc. 18). The Court's Memorandum and Order dealt only with damages, deciding whether Landstar's liability, if any, was limited under the Carmack Amendment's exemption to carrier liability for the shipper's actual loss. (Memorandum and Order, 6). For purposes of clarification, the Court's previous ruling, which expressly stated that Landstar does not concede liability, should not be read to mean that Landstar's liability was conclusively established by the parties' recognition of the undisputed fact that Saacke was missing one of the seven pallets or crates intended for shipment.[1] (Memorandum and Order, 6 n. 9).

---

[1] The parties have since made it known that they wish to conduct discovery to gather facts surrounding the missing pallet. Landstar represents in its most recent filing that the seventh pallet went missing *prior to loading of the Saacke cargo onto the Landstar truck*. (Doc. 20 / Landstar's Mem. In Supp., 6-7) (Landstar "disputes the number of pallets / crates that were loaded onto its truck at the origin in Chicago . . . .")

1

The Court's ruling on partial summary judgment is considered interlocutory in nature because it did not resolve all claims. *See American Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir.2003) (internal citations omitted); FED. R. CIV. P. 54(a) and (b)(2009). If warranted, a district court "retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment . . . ." *American Canoe*, 326 F.3d at 514 (internal citations omitted); *see also Church v. Home Fashions Int'l, LLC*, 2012 WL 4483138, *2 (W.D.N.C. September 27, 2012). Reconsideration of an earlier decision "is committed to the discretion of the district court . . . ." *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge")). As a general rule, reconsideration or modification is only appropriate where "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."[2] *Id.* at 515 (quoting *Sejman v. Warner–Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir.1988) (explaining law of the case doctrine) (internal quotation marks omitted)).

Landstar has not shown that revision of the Court's December 18, 2012 Memorandum and Order is warranted. Landstar fails to present substantially different evidence or any new controlling legal authority. Rather, Landstar revisits its legal argument concerning the force and impact of its tarriff. Specifically, Landstar contends that Saacke must be "charged with knowledge" of the Landstar tariff provisions concerning "Released Value or Declared Rates."

---

[2] The Rule 59(e) standard cited by Landstar is essentially the same in that reconsideration or amendment of an earlier judgment requires the following: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993); *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir.1997).

(Def.'s Mem. In Supp., 3-6). The Court stands on its original analysis. As more thoroughly addressed in the December 18, 2012 Memorandum and Order, the existence of the Landstar Tariff does not require the Court to find that Saacke had constructive notice of Tariff's released value. The mere existence of a published tariff does *not* exempt the carrier from the Carmack analysis. (Memorandum and Order, 15-16). In order to limit Saacke's liability pursuant to the Landstar tariff, Landstar must demonstrate in part that Saacke had a reasonable opportunity to choose between the level of liability included within the tariff and a higher declared rate or value. The *Tronosjet Maintenance* case cited by Landstar in support of this proposition held the shipper to the tariff's released value <u>because the bill of lading incorporated the tariff released value by reference and because the other Carmack criteria were satisfied, including sufficient notice to the shipper given prior to shipment</u>. *See Tronosjet Maint., Inc. v. Con-Way Freight, Inc.*, 2011 WL 3322800, \*\*3-6 (S.D.Tex. August 2, 2011) (looking to bill of lading and date of execution to determine whether sufficient notice of released value was provided to shipper before shipment of goods). Landstar is not entitled to the same result where it is has been established that the Landstar bill of lading was not presented prior to shipment. (Memorandum and Order, 12-13). Under these facts, Landstar cannot demonstrate that granting partial summary judgment in favor of Saacke was clearly erroneous or would otherwise work a manifest injustice. Accordingly, the Court, in its discretion, declines to alter or amend its decision on partial summary judgment.

**IT IS, THEREFORE, ORDERED THAT:**

1) Defendant Landstar's Motion To Alter Or Amend (Doc. 19) is hereby **DENIED**; and

2) Pursuant to the parties' Joint Status Report, filed January 18, 2013 (Doc. 21), the Magistrate Judge is authorized and directed to **REVISE** the Pretrial Case Management & Scheduling Order in order to provide the parties up to three (3) months for discovery, a trial date approximately four (4) to six (6) months beyond the dispositive motions deadline, and adjust all remaining deadlines accordingly.

Signed: March 8, 2013

Richard L. Voorhees
United States District Judge